NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GOLDA D. HARRIS,

          Petitioner,

v.

WILLIAM ANDERSON, et al.,

          Respondents.

Civil Action No. 16-1914 (MAS)

MEMORANDUM OPINION

SHIPP, District Judge

    Pro se Petitioner Golda D. Harris ("Petitioner") brings this Petition for a Writ of Mandamus in forma pauperis, requesting the Court to issue an order directing the New Jersey state trial court to proceed on numerous private criminal complaints filed by Petitioner in state court. The Court holds, *infra*, that the Petition is simply a civil complaint improperly masked as a mandamus petition. *See Madden v. Myers*, 102 F.3d 74, 78 (3d Cir. 1996). As such, the Court must review the Petition to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). For the reasons stated below, the Court dismisses the Petition for failure to state a claim for which relief may be granted.

I.    FACTUAL BACKGROUND

    For the purposes of this Memorandum Opinion, the Court accepts all facts alleged in the Petition as true and in the light most favorable to Petitioner. The three-page Petition contains mostly conclusory statements and very few factual allegations; instead, Petitioner appears to rely

on the exhibits attached to the Petition to support her claims. Substantively, Petitioner asserts that her federal and state constitutional rights were violated when the state trial court dismissed twenty-five criminal complaints she filed with the state court as lacking probable cause. (Pet. 2-3, ECF No. 1.) Petitioner alleges that the dismissals were against the weight of the evidence and that the trial judge dismissed the complaints due to bias and favoritism. (*Id.* at 2.) Petitioner further alleges that she was initially told by the state court that there was probable cause to file the complaints, but the state court later contradicted itself by dismissing them as lacking probable cause. (*Id.* at 3.) Thus, Petitioner seeks an order from this Court to compel the state trial court to reinstate her criminal complaints and to proceed with the criminal matters. (*Id.* at 1.)

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

## III. DISCUSSION

### A. Mandamus Petition vs. Complaint

Before the Court addresses the merits of the Petition, the Court first explains its statement above that the Petition is really a civil complaint masked as a mandamus petition. Although Petitioner does not provide the statutory basis of her mandamus petition, the Court construes it as being brought under the All Writs Act, which states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, Federal Rule of Civil Procedure 81(b) states that "[t]he writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). As such, courts in this circuit have held that a district court does not have jurisdiction to entertain a mandamus petition unless no other avenue exists to provide the relief sought. *See Bey v. Ct. Com. Pl.*, No. 13-0506, 2013 WL 5780777, at *1 n.2 (E.D. Pa. Oct. 24, 2013); *Gregris v. Edberg*, 645 F. Supp. 1153, 1157 (W.D. Pa. 1986); *see also Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976) ("[T]he party seeking issuance of [a] writ [of mandamus must] have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that (his) right to issuance of the writ is 'clear and indisputable.'") (citation and quotation marks omitted).

The Third Circuit has held that in deciding whether a mandamus petition is considered a "civil action," and therefore subject to the requirements of the in forma pauperis statute, 28 U.S.C. § 1915, "[a] litigant should not be able to evade [§ 1915] by masking as a mandamus petition a paper otherwise subject to the [statute]." *Madden*, 102 F.3d at 78; *see In re Steele*, 251 F. App'x 772, 772-73 (3d Cir. 2007) ("[I]f a prisoner files a 'mandamus petition' that actually would initiate

3

an appeal or a civil action, [§ 1915] applies."). "It is the nature of the document, rather than the label attached by the litigant, that controls." *Madden*, 102 F.3d at 78. In essence, when a mandamus petition seeks relief that should have been properly brought through a civil complaint, courts should treat it as a civil complaint subject to all of the requirements under § 1915.

Here, Petitioner alleges, as the basis of her Petition, that her rights under the federal and state constitutions were violated when the state trial court dismissed her private criminal complaints. (Pet. 3.) In effect, Petitioner is simply raising civil rights claims that should have been properly brought through the federal civil rights statute under 42 U.S.C. § 1983. Indeed, Petitioner could obtain the same remedy she is pursuing in the Petition by seeking injunctive relief in a § 1983 action. Given the general abolishment of the writ of mandamus by Rule 81, and the Supreme Court's directive that no mandamus shall issue unless no other remedy is available, the Court construes the Petition as a civil rights complaint rather than a mandamus petition, and treats it accordingly.

**B.     Merits**

A plaintiff can pursue a cause of action under § 1983 for certain violations of her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am.*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-51 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

As stated above, Petitioner alleges that her constitutional rights were violated when the state trial court dismissed her private criminal complaints for lack of probable cause. The Court disagrees. In federal court, only the government may initiate criminal proceedings. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). However, in New Jersey, any person may file a criminal complaint with the state court. N.J. Ct. R. 3:2-1(a) ("The clerk or deputy clerk, municipal court administrator or deputy court administrator shall accept for filing any [criminal] complaint made by *any person*.") (emphasis added). The judicial officer then must make a finding of whether there is probable cause to believe that an offense was committed. N.J. Ct. R. 3:3-1. If the officer determines that there is probable cause for the complaint, a warrant or a summons should be issued. *Id.* If the officer determines that there is no probable cause, the complaint should be dismissed. N.J. Ct. R. 3:3-1(d).

While a private citizen may file a criminal complaint in New Jersey, the matter ends if the government decides not to initiate prosecution. Additionally, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "[G]enerally, there is no statutory or common law right, much less a constitutional right, to an . . . investigation [of a private criminal complaint.]" *Fuchs v. Mercer Cty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (citations and quotations omitted). In fact, under New Jersey law, Petitioner does not even have a right to appeal the decision of the trial court not to prosecute. *State v. Preto*, No. 09-05, 2006 WL 66475, at *2 (N.J. Sup. Ct. App. Div. Jan. 13, 2006) (holding that a private citizen "lack[s] standing to appeal

the dismissal of his complaint by the municipal court judge after a determination of 'no probable cause'"). Here, Petitioner cites no authority to support her claims. After careful consideration, the Court finds that the Petition fails to state a claim for which relief may be granted, and is thereby dismissed.[1]

## IV.  CONCLUSION

For the reasons set forth above, the Petition is DISMISSED.

s/ Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**

Dated: August 5, 2016

---

[1] As explained above, because the Court finds that the Petition is subject to the requirements of § 1915, this dismissal is to be construed as a strike for the purposes of the three-strike rule under § 1915(g).